UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **CHARLIE JONES, III** | : | **CIVIL ACTION NO. 10-cv-1682** |
| | : | **SECTION P** |
| **VERSUS** | : | |
| | : | **JUDGE MINALDI** |
| **JOSEPH P. YOUNG, JR., WARDEN** | : | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

Before the court is a petition for writ of *habeas corpus* filed pursuant to 28 U.S.C. §2241 by Charlie Jones, III. Petitioner is an inmate in the custody of the Federal Bureau of Prisons. In his petition, he alleges that the sentence imposed by the U.S. District Court, Middle District of Louisiana. should be vacated.

This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 2241 and the standing orders of the court. For the following reasons it is recommended that the petition be **DISMISSED**.

### *Statement of the Case*

On July 12, 2006, petitioner Charlie Jones, III pled guilty in the United States District Court, Middle District of Louisiana to conspiracy to launder monetary instruments in violation of Title 18 U.S.C. § 1956(h) (count fifty-one of the indictment) and to providing a false statement to a law enforcement agent in violation of Title 18 U.S.C. § 1001(a)(2) (count fifty-two of the indictment). Prior to accepting his guilty pleas, the court conducted a hearing at which time the charges and plea agreement were explained to petitioner and his counsel. At the hearing petitioner acknowledged that it was his signature on the plea agreement and that he understood

the charges against him.  As part of the plea agreement petitioner waived his right to seek an appeal of his conviction and sentence including "any appeal right conferred by Title 18, United States Code, Section 3742, and to challenge the conviction and sentence in any post-conviction proceeding, including a proceeding under Title 28, United States Code, Section 2255."  Doc. 1, att. 2, p. 3.

On December 14, 2006, petitioner was sentenced to ninety-six months imprisonment on count fifty-one to be served concurrently with sixty months imprisonment on count fifty-two. The court also imposed supervised release for a concurrent term of three years on both counts. The final judgment was entered on December 19, 2006.  Petitioner did not appeal.

Petitioner filed the instant writ of habeas corpus pursuant to 28 U.S.C. § 2241 on November 4, 2010.  He raises one ground for relief in his petition.  Petitioner claims that he is "innocent of conspiring to commit money laundering because the government failed to establish that he had the purpose to conceal or disguise an attribute listed in Title 28 U.S.C. 1956."[1]  Doc. 1, p. 3.  In support of his argument, he cites to *Cuellar v. United States*, 553 U.S. 550 (2008).  In *Cuellar,* the United States Supreme Court interpreted the "designed...to conceal" element of the federal money laundering statute, 18 U.S.C. § 1956(a)(2)(B)(i), to mean "purpose or plan; *i.e.*, the intended aim of the [transaction]."  *Id.* at 563.

Petitioner argues that he is innocent of conspiring to commit money laundering because the government failed to establish that he had the "purpose or plan … to conceal or disguise the nature, location, source, ownership or control of the proceeds of specified unlawful activity." Doc. 1, p. 5.  Petitioner further claims that this court has jurisdiction to hear his § 2241 claim under the savings clause of Title 28 U.S.C. §2255(e) because any other motion "is inadequate

---

[1] Petitioner does not challenge his conviction and sentence of sixty months imprisonment for count fifty-two, making a false statement to a law enforcement agent, in violation of 18 U.S.C. § 1001(a)(2).

and ineffective to test the legality of his detention." Citing *Reyes-Requena v. United States,* 243 F.3d 893 (5th Cir.2001), he maintains that his claim is based on a retroactively applicable Supreme Court decision that was previously foreclosed by circuit law at the time it should have been raised and, as a result, he was convicted of a nonexistent offense. Doc. 1, p. 9-10.

Petitioner prays that his guilty plea and sentence imposed by the United States District Court, Middle District of Louisiana be vacated.

In opposing the petition, respondent, Joseph P. Young, asserts that (1) by virtue of his plea agreement petitioner waived his right to collaterally attack his conviction; (2) petitioner cannot proceed under 28 U.S.C. § 2241 because he has failed to show that a motion under 28 U.S.C. § 2255 is inadequate or ineffective; and (3) petitioner has failed to show that he is actually innocent of conspiracy to launder monetary instruments. Doc. 4.

*Law and Analysis*

This court must first determine if it has jurisdiction to consider petitioner's § 2241 claim. Respondent argues that petitioner has waived his right to collaterally attack his conviction by virtue of his plea agreement. The plea agreement signed by petitioner, his attorney and representatives of the United States government provided at paragraph 8:

> The defendant hereby expressly waives the right to appeal his conviction and sentence, including any appeal right conferred by Title 18, United States Code, Section 3742, *and to challenge the conviction and sentence in any post-conviction proceeding, including a proceeding under Title 28, United States Code, Section 2255.* The defendant, however, reserves the right to appeal the following: (a) any punishment in excess of the statutory maximum; (b) any punishment which is an upward departure pursuant to the guidelines; and (c) any punishment which is above the guidelines range calculated by the Court. Nothing in this paragraph shall act as a bar to the defendant perfecting any legal remedies he may otherwise have on appeal or collateral attack respecting claims of ineffective assistance of counsel.

Doc. 1, att. 2, p. 3 (emphasis added).

At the hearing conducted by the court on the date of petitioner's plea, the entire plea agreement was read into the record, petitioner acknowledged that it was his signature on the agreement, and petitioner indicated he understood his actions. A portion of the colloquy between the court and petitioner follows:

> THE COURT: [I]f I accept your guilty plea and if I accept this plea agreement, you will have no other right to appeal anything that happens in this case and that includes the right to challenge the conviction and sentence in any post conviction proceeding; do you understand that, sir?
>
> THE DEFENDANT: Yes, sir.

Doc. 1, att. 3, p. 17.

A defendant may choose to waive his right to appeal as long as the waiver is an informed one. A defendant who waives his right to appeal must know that he has "a right to appeal his sentence and that he [is] giving up that right." *U.S. v. Portillo,* 18 F.3d 290, 292 (5th Cir.1994). The Fifth Circuit has held that a defendant may also validly waive his right to post-conviction relief if the waiver is informed and voluntary. *United States v. Wilkes,* 20 F.3d 651, 653 (5th Cir.1994) (Denying a § 2255 motion when the court found that Wilkes fully understood the waiver of his right to bring an appeal and waived post-conviction motions at the time the plea was accepted. Wilkes attested that he fully understood and voluntarily approved of his plea.); *see also United States. v. Evans,* 37 F.3d 631 (5th Cir.1994).

In the present matter, petitioner does not contest the validity of his plea agreement. The record indicates that he was informed of and knowingly waived his right to challenge his sentence in any post-conviction proceeding. Petitioner does not assert that he did not understand the consequences of his plea. In an unreported opinion from the Fifth Circuit, *Palacios v Miles,* No. 01-50906, at *1 (5th Cir. March 28, 2002), the court affirmed the dismissal of petitioner's § 2241 claim and noted that "[a] review of the record indicates that, as part of his plea agreement,

Palacios waived the right to contest his sentence in any post conviction proceeding. His informed and voluntary waiver therefore precludes consideration of his … claim." Accordingly, we are of the opinion that the plea agreement entered into between petitioner and the government which contained an express waiver of petitioner's right to post-conviction relief precludes our review of his petition.

Petitioner, however, claims that a denial of his right to attack his wrongful conviction would deny him "an opportunity to prove he is actually innocent of conspiring to commit money laundering." Doc. 7, p. 6. Petitioner cites to cases from several other circuits that suggest that a petitioner who is otherwise barred from filing a § 2255 motion should be allowed a claim under the savings clause to correct a fundamental miscarriage of justice such as a valid claim of actual innocence. *See Cooper v. United States,* 199 F.3d 898, 901 (7th Cir.1999), *Charles v. Chandler,* 180 F.3d 753, 756 (6th Cir.1999), *United States v Barrett,* 178 F.3d 34, 57 (1st Cir.1999).

While we are of the opinion that petitioner both knowingly and voluntarily waived his right to seek post-conviction relief, we will, nonetheless and out of an abundance of caution, consider if his petition can be reviewed under the savings clause and the principles of *Reyes-Requena.*

*Habeas corpus* petitions filed pursuant to 28 U.S.C. §2241 are generally used to challenge the manner in which a sentence is executed. *See Warren v. Miles*, 230 F.3d 688, 694 (5th Cir.2000). A motion to vacate sentence filed pursuant to 28 U.S.C. §2255 allows federal inmates to collaterally attack the legality of their convictions or sentences. *See Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir.1990). Here, petitioner collaterally attacks the legality of his conviction; not the manner in which his sentence is being executed. While his claim is more appropriately raised in a § 2255 motion to vacate, federal prisoners may use §

2241 to challenge the legality of their convictions or sentences if they satisfy the § 2255 savings clause.  Section 2255(e) states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255 (emphasis added).  Petitioners relying on the savings clause bear the burden of demonstrating that the § 2255 remedy is inadequate or ineffective.  *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir.2001).

In *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir.2001), the Fifth Circuit relied upon the savings clause to allow a prisoner with a *Bailey*[2] claim to bring a § 2241 petition. Noting that the savings clause's inadequacy or inefficiency language should be applied stringently, the court nonetheless found that an exception should apply to *Bailey* claims.  The Fifth Circuit articulated three savings clause requirements: (1) the claim must be based on a retroactively applicable Supreme Court decision; (2) the Supreme Court decision establishes that petitioner was "actually innocent" of the charges against him; and (3) the claim would have been foreclosed by existing circuit precedent had he raised it at trial, on direct appeal, or in an original § 2255 motion.  *Reyes-Requena*, 243 F.3d at 904, *see also Christopher v. Miles,* 342 F.3d 378, 382 (5th Cir.2003).

Petitioner argues that he meets the requirements of *Reyes-Requena* and his petition is ripe for review.  He asserts that *Cuellar v. United States*, 553 U.S. 550 (2008) applies retroactively to

---

[2] *Bailey v. United States,* 516 U.S. 137 (1995), where the Supreme Court, overruling prior circuit law, held that the government must prove "active employment" of a firearm in order to convict under the "use" prong of 18 U.S.C. § 924(c)(1).

his case, that his claim was previously foreclosed by circuit law, and that he was convicted of a nonexistent offense.

Even if we assume that *Cuellar* applies retroactively and that circuit law prohibited him from filing his petition earlier, petitioner has failed to satisfy the second prong of *Reyes-Requena*. Petitioner has not shown that he is "actually innocent" of the crime of conspiracy to launder monetary instruments. "Actual innocence" for the purposes of the savings clause test can only be shown if petitioner can prove that based on a retroactively applicable Supreme Court decision he was convicted for conduct that did not constitute a crime. *Jeffers v. Chandler,* 253 f.3d 827 (5th Cir.2001).

Petitioner herein attempts to show that he meets the savings clause by establishing he is "actually innocent" of the crime of conspiracy to launder monetary instruments by arguing that the government failed to produce evidence of his knowledge that the transaction he committed was "designed to conceal" the source of the funds used in the transaction pursuant to the Supreme Court's decision in *Cuellar v. United States*, 553 U.S. 550 (2008).

In *Cuellar,* the Supreme Court analyzed 18 U.S.C. § 1956, the money laundering statute, and held that concealment under § 1956 requires an intent to conceal the transportation which involves more than merely hiding contraband. *Id.* at 565. The defendant in *Cuellar* hid money in secret compartments of his car in order to transport it from Mexico to the United States. *Id.* at 554. The Court found that the evidence did not suggest that the transportation of the money was designed to conceal anything about the money itself; rather, the concealment merely served the goal of transportation. *Id.* at 565–66. The Court found that the term "design" in the statute means "purpose or plan; *i.e.*, the intended aim of the transportation." *Id.* at 563. The Court stated; "[t]here is a difference between concealing something to transport it, and transporting

something to conceal it … *how* one moves the money is distinct from *why* one moves the money." *Id.* at 566.

In a decision following *Cuellar,* the Fifth Circuit in *United States v. Brown,* found that the "designed to conceal" element as interpreted in *Cuellar* applied not just to "transportation through foreign countries" but also to "financial transactions" designed to conceal. *United States v. Brown,* 553 F.3d 768, 787 n.56 (5th Cir.2008). In *Brown,* the government's evidence was sufficient to satisfy *Cuellar* standards where "defendants intended to and did make it more difficult for the government to trace and demonstrate the nature" of the illegal funds. *Id.* at 787. The Fifth Circuit noted that the transactions were in cash so that they were not easily tracked and most deposits were below ten thousand dollars so as to avoid setting off any reporting requirements. *Id.*

In the case at bar, petitioner's conspiracy to launder monetary instruments conviction involved the "transaction" of using drug proceeds obtained from his cousin, Dewayne Terrell, to purchase a BMW automobile. He bought the vehicle using $49,985 in small cash denominations and registered the automobile in his name while the vehicle was, in fact, owned and operated by his cousin Terrell. Doc. 1, att. 3, p. 27.

Petitioner argues that the factual basis given by the government on the charge was insufficient to support the plea because there was no evidence that his purpose or plan in spending the money was to conceal or disguise the nature, location, source, ownership, or control of the proceeds of unlawful activity. Petitioner states that "no allegation was made or proof offered to establish [his] purpose was to conceal or disguise the fact that the proceeds were ill gotten gains." Doc. 1, p. 5. Petitioner asserts that his actual intent was "to purchase a vehicle for his cousin." *Id.* at 14.

The record reflects that the district court ascertained that petitioner committed the conduct as charged in the indictment. Specifically, count fifty-one of the indictment as read to petitioner at his guilty plea hearing charged that:

> On or about March 29, 2004, in the Middle District of Louisiana, Dewayne A. Terrell and Charlie Jones, III, (hereinafter referred to as Jones), defendants herein, knowingly and intentionally, did conspire and agree with another to knowingly conduct and attempt to conduct financial transactions affecting interstate commerce which involved the proceeds of specified unlawful activity, that is, the distribution of controlled substances, knowing that the transactions were designed in whole or part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity, and knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity in violation of Title 18, United States Code, Section 1956(A)(1)(B)(I).
>
> The above is a violation of Title 18, United States Code, Section 1956(h).

Doc. 1, att. 3, p.10-11.

When asked by the court how he pleaded to this count, petitioner responded, "guilty." *Id.*

At his guilty plea hearing, the district court specifically advised petitioner of each and every element of the offense.

> THE COURT: Whoever knowing that property involved in a financial transaction represents the proceeds of some form of unlawful activity conducts or attempts to conduct a financial transaction which involves the proceeds of specified unlawful activity knowing that the transaction is designed to conceal the nature, location, source, ownership, or control of the proceeds of unlawful activity is guilty of laundering of monetary instruments.
>
> That's a pretty wordy statutory definition, but basically boils down to when you know that property that's involved in a financial transaction is derived from some kind of unlawful activity, and you conduct, or you attempt to conduct, a financial transaction with that property and the transaction that you attempt to conduct is designed to conceal or disguise the nature, the location, the ownership, or the control of the proceeds of that unlawful activity, then you have committed the offense; do you understand that, sir?
>
> THE DEFENDANT: Yes, sir.

*Id.* at p.20.

Further, the government elicited testimony from Drug Enforcement Administration Special Agent Dewey Norton. When asked to describe the circumstances surrounding the crime, he testified as follows:

> AGENT NORTON:   On or about March 29, 2004, the defendant and Dewayne Terrell conspired to hide Terrell's proceeds from illegal drug trafficking by using those proceeds to purchase a 2002 BMW 745I for Terrell, and registering it in the defendant's name. … The BMW was purchased with cash that Terrell had earned selling large amounts of cocaine.  The entire purchase price, $49,985, was paid in case [sic] in small denominations that Terrell had brought in an Eckerd's Drug bag.  The defendant told the car salesman that he had earned the cash at his night club, which is why it was in small denominations.  The car was registered in defendant's name, but owned and operated by Terrell.

*Id.* at p. 27.

Following the agent's testimony the court again questioned petitioner:

> THE COURT:   [W]hat you just heard was a summary of the evidence that the government feels that they could produce if this case went to trial regarding how you committed these offenses.  Do you disagree with anything that the agent just testified to, sir?
>
> THE DEFENDANT:  No, sir.
>
> THE COURT:   Is that basically what you did in connection with these two offenses?
>
> THE DEFENDANT:  Yes, sir.

*Id.* at 30.

This court, considering the record as a whole, finds that the government presented a sufficient factual basis for the district court to conclude that petitioner's purpose for spending the money was to conceal or disguise the nature, location, source, ownership, or control of the proceeds of unlawful activity.  Petitioner admitted to conspiring "to hide" his cousin's proceeds from drug trafficking.  His own admissions clearly establish the "designed to conceal" element as enunciated in *Cuellar* and *Brown.*  We give no credence to his self-serving claim that his

actual intent was simply to purchase a vehicle for his cousin. Petitioner's sworn testimony tells us otherwise.

For these reasons, we find that defendant has failed to establish that he is actually innocent of the charges against him. Accordingly, petitioner does not meet the criteria required to support a claim under the savings clause of § 2255. Thus, the petition should be dismissed for lack of jurisdiction. *See Christopher v. Miles,* 342 F.3d 378, 379 (5th Cir.2003) (remanding a case for dismissal for lack of jurisdiction when the petitioner failed to show § 2255 inadequate or ineffective).

*Recommendation*

Accordingly,

**IT IS RECOMMENDED** that the petition for *habeas corpus* filed pursuant to 28 U.S.C. §2241 be **DISMISSED WITH PREJUDICE** because the Court lacks jurisdiction to consider these claims.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this Recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or**

**the legal conclusions accepted by the District Court, except upon grounds of plain error.**

*See, Douglass v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE this 25th day of February, 2013.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE